UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESSEX INSURANCE COMPANY,  Plaintiff,  v.  M.N. HOSPITALITY, INC., et al.,  Defendants. | Cause No. 06-cv-710-JPG |

**MEMORANDUM AND ORDER**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Essex Insurance Company:

1.  **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Complaint fails to allege the state of incorporation of defendant M.N. Hospitality, Inc.

2.  **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The Complaint fails to allege the citizenships of defendants Michael Bazzell and Abdul Munshi.

The Court hereby **ORDERS** that the amended complaint authorized by Judge Frazier's February 14, 2007, order (Doc. 26) shall cure these jurisdictional defects. Failure to cure these defects in the amended complaint may result in dismissal of this case for lack of subject matter

jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings.

**IT IS SO ORDERED.**
**DATED:  February 15, 2007**

                                                s/ J. Phil Gilbert
                                                **United States District Judge**